IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES MICHAEL STICKLEY                                          PETITIONER
ADC #86725

V.                           5:14-cv-00327-SWW-JTK

WENDY KELLEY, Director,                                         RESPONDENT
Arkansas Department of Correction[1]


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Petitioner James Stickley, an inmate at the Arkansas Department of Correction ("ADOC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after the Arkansas Parole Board ("APB") revoked Mr. Stickley's parole. (Doc. No. 1.) For the following reasons, the Court recommends the District Court deny Mr. Stickley's petition.

I. PROCEDURAL HISTORY

On July 2, 2010, Mr. Stickley entered a no contest plea in the Pulaski County

Circuit Court to the offenses of commercial burglary, first degree criminal mischief, and theft of property. (Doc. No. 4-1.) The court ordered Mr. Stickley to serve fifteen years in the ADOC. (*Id.* at 4.) On September 3, 2013, the ADOC released Mr. Stickley on parole. (Doc. No. 2 at 12.)

On May 2, 2014, Deputy Scott Terrell arrested Mr. Stickley on the accusation that he assaulted Ms. Lashell Hughes. (Doc. No. 4-2 at 1.) On May 19, 2014, a hearing examiner held a parole revocation hearing for Mr. Stickley. (*Id.*). At the hearing, Deputy Terrell testified that Ms. Hughes gave a written statement, which states that "Stickley threw her down on the ground and held her against her will." (*Id.*). Ms. Hughes stated to Deputy Terrell that "Stickley hit her in the head during the altercation." (*Id.*). Deputy Terrell stated that he "observed scratches, bruises and other visible injuries to Ms. Hughes." (*Id.*). Deputy Terrell also testified that Ms. Hughes told him that Mr. Stickley "held a knife on her." (*Id.*). Ms. Hughes also testified at the revocation hearing, and she corroborated Deputy Terrell's testimony. (*Id.* at 2.)

Mr. Stickley testified on his own behalf that Ms. Hughes was lying. (*Id.*). Mr. Stickley testified that he wanted to go back and live with his sister in Louisiana. (*Id.*). He testified that "he never put his hands on Ms. Hughes." (*Id.*). He testified that "he caught Ms. Hughes in several lies," and that "Ms. Hughes has sent him threatening text messages."

The hearing examiner found by a preponderance of the evidence that Mr. Stickley violated the fourth condition of his parole that he was to obey all laws. (*Id.*). Therefore,

3

the hearing judge revoked Mr. Stickley's parole, and set a parole release hearing for January 2015. (*Id.*). On June 12, 2014, the APB affirmed the decision of the hearing examiner. (*Id.* at 3.) According to the orders, Mr. Stickley received a copy of both written decisions. (*Id.* at 2 ("cc: Parolee"), 3 ("To: James M. Stickley").)

On September 2, 2014, Mr. Stickley filed this petition for a writ of habeas corpus. (Doc. No. 2.) On September 26, 2014, the Director of the ADOC ("Director") filed a response brief to Mr. Stickley's petition. (Doc. No. 4.) On March 2, 2015, the Court entered an order allowing Mr. Stickley to file a reply brief addressing the Director's arguments, pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 10.) On April 16, 2015, Mr. Stickley filed his reply brief. (Doc. No. 18.)

III.   STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id.* at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir.

1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. ANALYSIS

In his petition, Mr. Stickley alleges that he is entitled to relief because the APB denied him due process, in violation of the Fourteenth Amendment of the United States Constitution. (Doc. No. 2 at 4.) Mr. Stickley also argues that the APB violated state law. (Doc. No. 2 at 13.) Third, Mr. Stickley argues that the APB violated the Equal Protection Clause because it treated Mr. Stickley different than similarly-situated parolees.[2] (Doc. No. 18 at 2.) The Director responds that Mr. Stickley's claims are procedurally defaulted

---

[2] Although Mr. Stickley first raises this issue in his reply brief, the Court will consider it raised at the time he filed his petition. The Court will not require the Director to respond to this argument.

because he did not appeal the APB's decision in state court. (Doc. No. 4 at 2.) Alternatively, the Director responds that Mr. Stickley's claims lack merit. (*Id.*). In his reply, Mr. Stickley claims that he was unaware that the Arkansas statute allowing him to appeal the APB's decision is unconstitutional, which the Court interprets as an argument for cause of his procedural default. (Doc. No. 18 at 3.) Mr. Stickley also claims he never received the written decision that the Director attached to her response brief, and he requests a default judgment on the equal protection claim since the Director never addressed that issue. (Doc. No. 18 at 4-5.)

    A.    PROCEDURAL DEFAULT

Mr. Stickley's claims are procedurally defaulted because he did not appeal the APB's decision to the highest state court. Mr. Stickley claims that there is cause for his procedural default because the state statute does not allow for an inmate to appeal an administrative decision to state court. (Doc. No. 18 at 3.)

In Arkansas, parole revocation decisions by the APB are administrative decisions governed by the Administrative Procedure Act ("APA"). *See Hickman v. Ark. Bd. of Pardons and Paroles*, 361 F. Supp. 864, 868 (E.D. Ark. 1973). Under the APA, any person "except an inmate under sentence to the custody of the Department of Correction" can appeal an administrative decision to a state court. Ark. Code Ann. § 25-15-212(a). In 1991, the Arkansas Supreme Court ruled that the exception to the APA that does not allow inmates to challenge administrative decisions in state court is unconstitutional to the extent that inmates must be allowed to raise constitutional

questions of administrative decisions in state court. *Clinton v. Bonds*, 816 S.W.2d 169, 172 (Ark. 1991). Despite this decision, the legislature has not changed the language of the statute. Ark. Code Ann. § 25-15-212(a).

The Eastern District of Arkansas has consistently ruled that an inmate's lack of knowledge about the Arkansas Supreme Court's decision in *Clinton v. Bonds* cannot be cause for his procedural default. *See Johnson v. Kelley*, No. 5:14-cv-00176-DPM-JTK, 2015 WL 1167184, at *4 (E.D. Ark. Feb. 20, 2015) (adopted by District Court in *Johnson v. Hobbs*, 2015 WL 1167166 (E.D. Ark. Mar. 13, 2015)). The Court agrees that the "Arkansas legislature's decades-long delay in removing the unconstitutional text from the statute is unfortunate." *Id.* However, Mr. Stickley is "charged with knowing the law relevant to his habeas claims." *Id.* (citing *Weeks v. Bowersox*, 106 F.3d 248, 249 (8th Cir. 1997)). Therefore, Mr. Stickley's lack of knowledge about *Clinton v. Bonds* is not cause for his procedural default. As Mr. Stickley does not allege any other cause for his procedural default, his petition for a writ of habeas corpus should be denied.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Stickley has made a substantial showing of a denial of a constitutional right. Thus, the District

Court should not issue a certificate of appealability.

IV.     CONCLUSION

Mr. Stickley does not present a claim to which he is entitled relief, and his petition for a writ of habeas corpus (Doc. No. 2) should be denied with prejudice. The District Court should not issue a certificate of appealability. The District Court should certify that an appeal *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 24th day of April, 2015.

_____
United States Magistrate Judge